UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
TRUSTEES of the LOCAL 1034 PENSION TRUST FUND,

         Plaintiffs,

   - against -

THOMAS C. BIBLE FUNERAL HOME, INC.;
BIBLE & SQUITIERI FUNERAL HOME, INC.; XYZ
CORPORATIONS 1-10; AND JOHN AND JANE
DOES 1-10,

         Defendants.
------------------------------------------------------------------X

No.: _____

## COMPLAINT

Plaintiffs, the Trustees (the "Trustees") of the Local 1034 Pension Trust Fund (the "Fund"), by and through their undersigned counsel, bring this action against Defendants Thomas C. Bible Funeral Home, Inc. ("TCB"), Bible & Squitieri Funeral Home, Inc. ("B&S"), fictitious entities XYZ Corporations 1-10, and fictitious individuals John and Jane Does 1-10, and allege as follows:

### I. INTRODUCTION

1. This is an action under the Employee Retirement Income Security Act of 1974, as amended ("ERISA") to recover statutorily prescribed withdrawal liability arising out of the cessation of TCB's obligation to contribute to the Fund as of June 8, 2017.

2. Pursuant to ERISA § 4301, 29 U.S.C. § 1451, the Trustees, on behalf of the Fund, seek to recover TCB's allocated share of the Fund's unfunded vested benefits, liquidated damages, interest, and attorneys' fees and costs.

## II. JURISDICTION AND VENUE

3. This Court has personal jurisdiction over the Defendants because TCB, B&S, and, upon information and belief, XYZ Corporations 1-10 and John and Jane Does 1-10 reside and do business in the State of New York.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the Trustees are fiduciaries of the Fund who seeks relief pursuant to ERISA § 4301, 29 U.S.C. § 1451.

5. Venue is proper in the Eastern District of New York pursuant to ERISA § 4301(d), 29 U.S.C. § 1451(d), because the Funds are administered in this District.

## III. PARTIES

6. The Fund is an employee benefit plan within the meaning of ERISA §§ 3(1) to (3) and 502(d)(1), 29 U.S.C. §§ 1002(1) to (3) and 1132(d)(1), and a multi-employer plan within the meaning of ERISA §§ 3(37) and 515, 29 U.S.C. §§ 1002(37) and 1145. The Fund is administered from 45-18 Court Square, Suite 600, Long Island City, New York 11101-4347.

7. Plaintiffs are the Trustees of the Fund, and bring this action in their capacities as fiduciaries pursuant to ERISA §§ 3(21) and 4301(a)(1), 29 U.S.C. §§ 1002(21) and 1451(a)(1).

8. Defendant TCB is a for-profit domestic corporation having its principal place of business at 3176 E. Tremont Avenue, Bronx, New York 10461.

9. Defendant B&S is a for-profit domestic corporation having its principal place of business at 1528 Castle Hill Avenue, Bronx, New York 10462.

10. Non-party Ralph Squitieri ("Squitieri") is an individual residing at 2 Edgewood Lane, Orangeburg, New York 10962. At all relevant times, Squitieri has been the Chief Executive Officer and sole owner of TCB and B&S.

11. Defendants XYZ Corporations 1-10 are fictitious entities whose identities are not currently known to the Plaintiffs, but who, upon information and belief, were trades or businesses under common control with TCB within the meaning of ERISA § 4001(b)(1), 29 U.S.C. § 1301(b)(1).

12. Defendants Jane and John Does 1-10 are fictitious individuals whose identities are not currently known to the Plaintiffs, but who, upon information and belief, were sole proprietorships under common control with TCB within the meaning of ERISA § 4001(b)(1), 29 U.S.C. § 1301(b)(1).

## COUNT I

### Withdrawal Liability Owed by TCB to the Fund
### Pursuant to ERISA § 4301(a)(1), 29 U.S.C. § 1451(a)(1)

13. Plaintiffs repeat and reallege the foregoing allegations as if fully set forth herein.

14. TCB was party to a collective bargaining agreement (the "CBA") with the International Brotherhood of Teamsters, Local Union No. 813 (the "Union"), with respect to which the Fund is a third-party beneficiary. Pursuant to the CBA, TCB was required to remit contributions to the Fund on behalf of those employees covered by the CBA.

15. By letter dated June 8, 2017, the Union disclaimed any and all interest in representing TCB employees, thereby effecting a complete withdrawal from the Fund within the meaning of ERISA § 4203(a), 29 U.S.C. § 1383(a).

16. In accordance with ERISA § 4219(b)(1) and (c)(1), 29 U.S.C. § 1399(b)(1) and (c)(1), by certified letter dated June 16, 2017, a true and correct copy of which is attached as **Exhibit A**, the Fund notified TCB that its allocated share of the unfunded vested liabilities of the Fund was $173,749, which amount was payable in 240 monthly installments of $266 commencing on or before August 16, 2017.

3

17. After having not received the demanded payment, in accordance with ERISA § 4219(c)(2) to (5), 29 U.S.C. § 1399(c)(2) to (5), by certified letter dated August 22, 2017, a true and correct copy of which is attached as **Exhibit B**, the Fund notified TCB that it was in default of its obligation to pay withdrawal liability, and offered it an opportunity to cure the default within 60 days.

18. After not having received a response, in accordance with ERISA § 4219(c)(5) and (c)(6), 29 U.S.C. § 1399(c)(5) and (c)(6), by certified letter dated October 27, 2017, a true and correct copy of which is attached as **Exhibit C**, the Fund notified TCB that it remained in default of its withdrawal liability, and that the Fund had elected to accelerate TCB's withdrawal liability and to assess interest on the total outstanding liability. The Fund demanded immediate payment of $176,105.32, which amount included $173,749 in withdrawal liability and $2,356.32 in accrued interest.

19. More than 60 days have elapsed since TCB's receipt of the notice of default, and it has failed to remit the withdrawal liability assessed by the Fund or to initiate arbitration pursuant to ERISA § 4221(a), 29 U.S.C. § 1401(a).

20. Because TCB has failed to initiate arbitration proceedings in accordance with the statute, pursuant to ERISA § 4221(b)(1), 29 U.S.C. § 1401(b)(1), it is liable to pay the accelerated amount of its withdrawal liability.

21. Plaintiffs, the Trustees of the Fund, demand judgment against TCB for $173,749 for its allocated share of the unfunded vested liabilities of the Fund, as well as liquidated damages, interest, attorneys' fees, costs, and all other relief that the Court may deem just and appropriate.

## COUNT II

### Controlled Group Liability Owed by B&S to the Fund
### Pursuant to ERISA § 4301(a)(1), 29 U.S.C. § 1451(a)(1)

22. Plaintiffs repeat and reallege the foregoing allegations as if fully set forth herein.

23. As of June 8, 2017, Squitieri owned a 100% interest in TCB and B&S.

24. TCB and B&S are a brother-sister controlled group within the meaning of 26 U.S.C. § 1563(a)(2) and ERISA § 4001(b)(1), 29 U.S.C. § 1301(b)(1) because they are wholly owned by Squitieri.

25. B&S is a trade or business that was under common control with TCB at the time of TCB's complete withdrawal from the Fund, and therefore, pursuant to ERISA § 4001(b)(1), 29 U.S.C. § 1301(b)(1), TCB and B&S constitute a single employer for purposes of withdrawal liability.

26. As such, B&S is jointly and severally liable with TCB for the withdrawal liability resulting from TCB's complete withdrawal from the Fund.

27. Plaintiffs, the Trustees of the Fund, demand judgment against B&S for $173,749 for TCB's allocated share of the unfunded vested liabilities of the Fund, as well as liquidated damages, interest, attorneys' fees, costs, and all other relief that the Court may deem just and appropriate.

## COUNT III

### Controlled Group Liability Owed by XYZ Corporations 1-10 to the Fund
### Pursuant to ERISA § 4301(a)(1), 29 U.S.C. § 1451(a)(1)

28. Plaintiffs repeat and reallege the foregoing allegations as if fully set forth herein.

29. As of June 8, 2017, fictitious entities XYZ Corporations 1-10 were trades or businesses under common control with TCB within the meaning of ERISA § 4001(b)(1), 29 U.S.C. § 1301(b)(1).

30. As such, XYZ Corporations 1-10 are jointly and severally liable with TCB for the withdrawal liability resulting from TCB's complete withdrawal from the Fund.

31. Plaintiffs, the Trustees of the Fund, demand judgment against XYZ Corporations 1-10 for $173,749 for TCB's allocated share of the unfunded vested liabilities of the Fund, as well as liquidated damages, interest, attorneys' fees, costs, and all other relief that the Court may deem just and appropriate.

## COUNT IV

### Controlled Group Liability Owed by John and Jane Does 1-10 to the Fund Pursuant to ERISA § 4301(a)(1), 29 U.S.C. § 1451(a)(1)

32. Plaintiffs repeat and reallege the foregoing allegations as if fully set forth herein.

33. As of June 8, 2017, fictitious individuals John and Jane Does 1-10 were sole proprietorships under common control with TCB within the meaning of ERISA § 4001(b)(1), 29 U.S.C. § 1301(b)(1).

34. As such, John and Jane Does 1-10 are jointly and severally liable with TCB for the withdrawal liability resulting from TCB's complete withdrawal from the Fund.

35. Plaintiffs, the Trustees of the Fund, demand judgment against John and Jane Does 1-10 for $173,749 for TCB's allocated share of the unfunded vested liabilities of the Fund, as well as liquidated damages, interest, attorneys' fees, costs, and all other relief that the Court may deem just and appropriate.

| | |
|---|---|
| Dated: December 7, 2017<br>Newark, New Jersey | **PROSKAUER ROSE LLP**<br><br>By:   */s/ Neil V. Shah*<br>        Neil V. Shah<br><br>One Newark Center<br>1085 Raymond Boulevard<br>Newark, New Jersey 07102<br>(973) 274-3205<br>nshah@proskauer.com<br><br>*Counsel for the Plaintiffs* |